IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| ANCO CONSTRUCTION, INC., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | No. 3:10CV00186 SWW |
| | * | |
| RSVP HOSPITALITY, LLC and | * | |
| WESTERN SURETY COMPANY, | * | |
| | * | |
| Defendants. | * | |

**Memorandum and Order**

This action involves a contract the parties entered into on or about November 1, 2007, for the construction of certain improvements to real property owned by separate defendant RSVP Hospitality, LLL ("RSVP") in West Memphis, Arkansas. The property was to be used as a hotel. Plaintiff Anco Construction, Inc. ("Anco") alleges breach of contract and unjust enrichment claims against RSVP. RSVP counterclaimed alleging breach of contract and warranty claims as well as a claim of intentional interference with business expectation. Now before the Court is Anco's motion to stay the case pending mediation and arbitration. RSVP filed a response, and the parties together addressed the issue in their Fed.R.Civ.P. 26(f) report.

The contract between the parties is an AIA A101-1997 Agreement Between Owner and Contractor which incorporates the General Conditions of AIA Document A201-1997. Articles 4.6.1 and 4.6.2 of the General Conditions applicable to the contract between Anco and RSVP provide as follows:

> 4.6.1  Any Claim arising out of or related to the Contract, except Claims relating to aesthetic effect and except those waived as provided for in Subparagraphs 4.3.10, 9.10.4 and 9.10.5, shall, after decision by the

>Architect or 30 days after submission of the Claim to the Architect, be subject to arbitration. Prior to arbitration, the parties shall endeavor to resolve disputes by mediation in accordance with the provisions of Paragraph 4.5.
>
>4.6.2 Claims not resolved by mediation shall be decided by arbitration which, unless the parties mutually agree otherwise, shall be in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association currently in effect. The demand for arbitration shall be filed in writing with the American Arbitration Association, and a copy shall be filed with the Architect.

RSVP alleges in its counterclaim that

>Anco engaged in intentional, wrongful, and improper acts designed to delay the opening of the hotel to the general public and interfere with the reasonable and known business expectations of RSVP. Said acts include, but are not limited to:
>a. Intentional efforts to prohibit and delay required inspections and permits;
>b. Attempts to disrupt utility services; and
>c. Misrepresentations to third-parties regarding the condition of the hotel.

Answer and Countercl. at ¶ 29. RSVP argues its wrongful interference claim relates to business relationships with persons and entities not involved with the contract between Anco and RSVP and, therefore, do not arise out of, and are not related to, the contract between them.

"[W]hen an arbitration clause exists in a contract, there is a presumption of arbitrability unless it is clear that the arbitration clause is not susceptible of an interpretation that covers the dispute." *Teamsters Local Union No. 688 v. Industrial Wire Products, Inc.*, 186 F.3d 878, 880 (8th Cir. 1999). "In conducting an inquiry into whether claims come within the arbitration clause, the district court does not reach the potential merits of any claim but construes the clause liberally, resolving any doubts in favor of arbitration and the motion 'unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the

asserted dispute.'" *3M Co. v. Amtex Sec., Inc.*, 542 F.3d 1193, 1100 (8th Cir. 2008)(internal citations omitted). "Although a party may not be compelled to arbitrate a dispute unless it has agreed to do so, the 'liberal federal policy favoring arbitration agreements' requires that a district court send a claim to arbitration when presented with a broad arbitration clause . . . as long as the underlying factual allegations simply 'touch matters covered by' the arbitration provision." *Id.*(internal citations omitted). "[T]he party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." *Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 91 (2000). *See also ASW Allstate Painting & Constr. Co. v. Lexington Ins. Co.*, 188 F.3d 307, 311 (5th Cir. 1999)(where courts favor arbitration as a means of settling disputes, party opposing arbitration bears the burden of proving that no valid arbitration agreement exists as to the dispute).

The parties' contract provides that Anco provide labor, materials and services in a construction project on property owned by RSVP and intended to be operated as a hotel once the work was completed. RSVP alleges that Anco intentionally engaged in efforts to prohibit or delay required inspections and permits, disrupt utility services, and misrepresent the condition of the hotel. RSVP provides no additional factual allegations.

> [C]ourts have held that a claim of tortious interference with contract is 'related to' or 'arises out of' a contract. *See, e.g., American Recovery Corp. v. Computerized Thermal Imaging, Inc.,* 96 F.3d 88, 94 (4th Cir.1996). There is no per se rule, such as that suggested by P & P here, that claims relating to third-party contracts can never be 'related to' two other parties' contractual agreement. Rather, all claims with 'a significant relationship to the [Agreement,] regardless of the label attached' to them, arise out of and are related to the Agreement. *See id.* at 93; *Gregory v. Electro-Mechanical Corp.,* 83 F.3d 382, 384 (11th Cir.1996) (stating that "[w]hether a claim falls within the scope of an arbitration agreement turns on the factual allegations in the complaint rather than the legal causes of action asserted"); *Sweet Dreams Unlimited, Inc. v. Dial-A-Mattress Int'l, Ltd.,* 1 F.3d 639, 643 (7th Cir.1993) (stating that "a party may not avoid a contractual

arbitration clause merely by casting its complaint in tort").

*P & P Indus., Inc. v. Sutter Corp.*, 179 F.3d 861, 871 (10th Cir. 1999).

The Court finds, giving the agreement a liberal interpretation, that RSVP fails to carry its burden of proving that its counterclaim of intentional interference with a contract does not arise out of or is not related to the contract.[1] Therefore, all claims and counterclaims are included within the scope of the arbitration agreement.

IT IS THEREFORE ORDERED that Anco's motion to stay [docket entry 6] is granted. The parties are directed to arbitrate all their claims against each other. This case is hereby stayed pending mediation and arbitration. The Clerk is directed to administratively terminate this case. The parties may move the Court to reopen the case within thirty (30) days from the date the mediation/arbitration is concluded.

DATED this 22nd day of March, 2011.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE

---

[1] The Court carefully reviewed *Jann v. Interplastic Corp.*, 631 F.Supp.2d 1161 (D.Minn. 2009), and respectfully disagrees that the case addresses whether the court or the arbitrator decides the arbitrability issue. Instead, the Court finds the case concerns whether certain claims come within the scope of the arbitration agreement.